ERVIN, Judge.
Claimant, Edward Stepanek, appeals an order of the judge of compensation claims (JCC), which denied his claim for benefits for the reason that his intoxication primarily occasioned his industrial accident. Stepanek contends that the JCC erred in finding that his employer, Rinker Materials Corporation, complied with the drug-free workplace requirements of section 440.102, Florida Statutes (1995), in concluding that the employer did not know he was intoxicated, and in admitting testimony of two expert toxicologists who had not been listed as such on the witness list. We affirm.
Stepanek arrived at work on March 17, 1995, after a long night of alcohol consumption and very little sleep. A supervisor, Mike Tedesco, smelled alcohol on his breath, but said nothing about it. Stepanek was sweeping near a cinder-block cubing machine when he noticed the blocks were out of alignment. He climbed onto the rollers to arrange the blocks, and the operator, who did not see him, started the machine, crushing Stepanek’s foot. Stepanek was taken to the hospital, where testing revealed a blood-alcohol level of .15 percent.
The JCC found that Rinker had complied with the drug-free workplace requirements of section 440.102, and that Stepanek’s blood-alcohol level was over .10 percent, thereby raising the rebuttable presumption-that Step-anek’s intoxication primarily caused his injury, pursuant to section 440.09(7)(b), Florida Statutes (1995). The JCC concluded that by unnecessarily climbing on the conveyor belt, *202 Stepanek irrationally placed himself in a position of peril, contrary to company policy, training standards, and common sense. As a result, Stepanek failed to overcome the presumption that his intoxication was the cause of his injury; therefore, the claim was denied.
Stepanek contends first that the JCC erred in finding that Rinker operated a qualified drug-free workplace program, because the medical assistant who collected his blood for testing was not a physician assistant under section 440.102(5)(e). We construe the language of subsection (5)(e) as permissive,[1] in contrast to 14 of the remaining 16 provisions in subsection (5) that use mandatory language; consequently the list therein of persons qualified to collect specimens is not all-inclusive. The record shows that the medical assistant in this case possessed sufficient qualifications to collect Stepanek’s blood for testing.
Stepanek also argues that the medical review officer authorized to evaluate the test results was not employed by or under contract with Rinker as required by section 440.102(l)(k).[2] The evidence discloses, however, that the physician contracted with the hospital’s testing department, which in turn contracted with Rinker, thus satisfying the statutory requirement.
In his second issue, Stepanek claims that Mike Tedesco’s testimony recounting that he smelled alcohol on Stepanek’s breath a few hours before the accident occurred established the employer’s knowledge of his intoxication. Such knowledge, he contends, defeats the presumption established in section 440.09(7)(b), providing that Stepanek’s intoxication primarily occasioned his industrial injury, which was established by proof that his blood-alcohol level was .08 percent or higher. We cannot agree.
The pertinent provision of subsection (7)(b) states that the presumption does not apply if, before the accident, the employer “had actual knowledge of and expressly acquiesced in the employee’s presence at the workplace while under the influence of such alcohol.” Although evidence was presented that Tedesco had actual knowledge that Stepanek was under the influence of alcohol, there was no evidence that Tedesco expressly acquiesced in this state of affairs. “Express” means clear and unmistakable, not left to inference, while “acquiescence” means passive compliance, or assent inferred from silence. Black’s Law Dictionary 580, 24 (6th ed.1990). The former is overt and direct and precludes reliance upon inference; the latter is passive and silent and depends upon inference. Rather than find “express acquiescence” to be a contradiction in terms,[3] we conclude that a claimant must show that the employer made some overt expression, either by words or conduct, showing that although the employer knew the claimant was under the influence of intoxicants, the claimant could nevertheless remain at work in such condition. No such expression was made in the case at bar. No evidence was presented that Tedesco communicated in any way to Stepanek or anyone else that he had such knowledge and that Stepanek could continue working in spite of his known probable impairment. Tedesco testified that neither he nor Stepanek said anything to each other about the situation, that Stepanek did not appear to be intoxicated, and that he did not confront Stepanek because he was afraid of being wrong on the matter. Thus, there was no statement or behavior demonstrating that Tedesco expressly acquiesced in Stepanek’s presence at work under the influence of alcohol.
Finally, we reject Stepanek’s contention that the admission of expert toxicological testimony by witnesses who were not identified as experts or toxicologists on the witness *203 list was reversible error. Stepanek claims that he was prejudiced by the witnesses’ testimony that his injury was occasioned primarily by his intoxication. On the contrary, the JCC found that Stepanek’s .15 percent blood-alcohol level established the presumption that his injury was primarily caused by his intoxication; therefore, the testimony of these witnesses appears to be only supplemental evidence to that the JCC relied upon. Indeed, the JCC did not mention such testimony in the final order.
AFFIRMED.
BENTON, J., and SMITH, Senior Judge, concur.

. "A specimen for a drug test may be taken or collected by any of the following persons § 440.102(5)(e), Fla. Slat. (1995) (emphasis added).

. A medical review officer is defined as a physician "employed with or contracted with an employer!.]” § 440.102(l)(k), Fla. Stat. (1995).

.“The legislature is presumed to know the meaning of words and the rules of grammarf.]” Florida State Racing Comm'n v. Bourquardez, 42 So.2d 87, 88 (Fla.1949).